UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:12-cr-00289 TLN CKD |
|---|---|
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DAGOBERTO MIRANDA-CRUZ, | |
| Defendant. | |

Defendant/petitioner is a federal prisoner proceeding pro se with a motion attacking his conviction and sentence under 28 U.S.C. § 2255.[1] (ECF No. 19.) Defendant's motion presents two grounds for relief: sentencing error and ineffective assistance of counsel during the plea and sentencing stages. Plaintiff has opposed the motion. (ECF No. 25.) For the reasons set forth below, the undersigned will recommend that the motion be denied.

I. Factual and Procedural Background

On October 31, 2013, defendant pled guilty to a single-count indictment charging him with being a deported alien found in the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(2). (ECF No. 25-1 ("Desai Decl."), Exs. A, B; see generally id., Ex. C (Reporter's Transcript, Oct. 31, 2013).) Per the plea agreement, defendant received a low-end sentence of 63 months in

---

[1] The companion civil case is No. 2:14-cv-00119 TLN CKD.

1

prison based on a total offense level of 19, a criminal history category of VI, and an advisory sentencing range of 63 to 78 months in prison.  (Desai Decl., Exs. A, D (Plea Agreement); RT 5, 14-15.)

The plea agreement included a waiver of appeal and collateral attack on the conviction or sentence, including a specific provision that defendant would not file a motion under 28 U.S.C. §2255 or § 2241.  (Plea Agreement at 8.)  In addition, the following exchange occurred at the October 31, 2013 hearing:

> THE COURT:  Do you understand that by entering this plea of guilty today, you will have waived or given up your right to collaterally attack or appeal all or any part of this plea, the conviction, and/or any sentence I impose?
>
> THE DEFENDANT: Yes.
>
> THE COURT:  Counsel, are you satisfied there's been a knowing and voluntary waiver of the right to collaterally attack or appeal the plea, the conviction, or sentence by your client?
>
> MR. BOCKMAN: Yes.

(RT 10-11.)

Defendant filed the instant § 2255 motion on January 16, 2014.  (ECF No. 19.)

II.  Legal Standards

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside, or correct the sentence." A § 2255 motion is the customary procedure for challenging the effectiveness of trial counsel under the Sixth Amendment.  United States v. Houtchens, 926 F.2d 824, 828 (9th Cir. 1991).

To establish a constitutional violation based on ineffective assistance of counsel, a petitioner must show both (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 692, 694 (1984).  In evaluating counsel's performance, the court must apply a strong presumption that counsel's representation fell within the wide range of reasonable

professional assistance. Strickland, 466 U.S. at 689. Prejudice means that the error actually had an adverse effect on the defense. There must be a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. at 693–94. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. The court need not address both prongs of the Strickland test if the petitioner's showing is insufficient as to one prong. Strickland, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.

The Strickland standard extends generally to the plea process. Hill v. Lockhart, 474 U.S. 52, 57 (1985). In order to show prejudice in this case, petitioner must show "a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Id.

If the court finds that petitioner's allegations are sufficient to support both prongs of the Strickland test, "a district court must grant a hearing to determine the validity of a petition brought under § 2255, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255). In other words, an evidentiary hearing is required if (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004). No hearing is necessary if the petitioner's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996), cert. denied, 520 U.S. 1269 (1997); see also Howard, 381 F.3d at 879 (bald, conclusory or inherently incredible allegations do not support a hearing).

////
////
////

3

III. <u>Analysis</u>

A. <u>Sentencing Error</u>

Defendant claims that the district court erroneously factored in a past felony conviction when calculating his sentence. Defendant states that he "has a very limited criminal history" consisting of a "misdemeanor prior for Domestic Violence, where he served an eight (8) month sentence in the county jail and was deported to Mexico," and several convictions for driving while intoxicated. (ECF No. 19 at 17-18.) Defendant asserts that, because his domestic violence offense was not a felony, it was error to treat it as a felony in determining his federal sentence. (<u>Id.</u>)

Defendant's failure to raise the issue on direct appeal bars the claim on collateral review. See <u>U.S. v. Schlesinger</u>, 49 F.3d 483, 484 (9th Cir. 1995); see also <u>id.</u> at 485 ("We therefore conclude that this court follows the rule that nonconstitutional sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way of 28 U.S.C. §2255."). Under some circumstances, there may be an exception for a "hidden error." <u>Id.</u> at 486. Here, however, as in <u>Schlesinger</u>, "there is absolutely no reason why [petitioner] should not have known of, and been able to appeal, the alleged 'error[]' immediately." <u>Id.</u> at 486. Because defendant failed to present this sentencing error claim on appeal, it is barred on collateral review.

Alternatively, defendant waived this claim when he explicitly agreed not to bring a § 2255 motion challenging his sentence, as discussed below.

B. <u>Ineffective Assistance</u>

Defendant claims that his appointed counsel provided ineffective assistance during the plea and sentencing stages by advising him to accept a plea that mischaracterized his 2008 domestic violence conviction as a felony and by "fail[ing] to object to this error at sentencing." (ECF No. 19 at 20-21.) Defendant asserts that, as a result of counsel's ineffectiveness, he was sentenced to 63 months rather than the 18-24 month sentence he otherwise would have received. (<u>Id.</u> at 22-23.)

////

First, the Schlesinger waiver cited as to defendant's sentencing error claim does not apply here. An ineffective assistance claim "cannot be presented on appeal, because it turns on extra-record facts regarding the advice that counsel provided to petitioner." U.S. v. Valencia-Revuelta, 2014 WL 7335219, *3 (E.D. Cal. Dec. 19, 2014). Thus such a claim is not waived by failure to present it on direct appeal. Id., citing U. S. v. Quintero-Barraza, 78 F.3d 1344, 1347 (9th Cir. 1995).

Plaintiff argues that defendant nonetheless waived this claim when he agreed not to attack his conviction or sentence under § 2255 as a term of his plea bargain. See United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000) ("Generally, courts will enforce a defendant's waiver of his right to appeal if (1) the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal, and (2) the waiver is knowingly and voluntarily made.").

However, "such waivers are not absolute," as "a defendant may not be able to waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain." U.S. v. Witts, 2011 WL 6056908, *1 (E.D. Cal. Dec. 6, 2011) (internal quotation marks omitted), citing United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994).

Here, the applicability of waiver may depend on whether defendant's claim is characterized as alleging the ineffectiveness in the attorney's advice to accept the plea, or in the attorney's "mishandling of the sentencing proceedings." See Pruitt, 32 F.3d at 433; see also U.S. v. Chavez, 2013 WL 4780510, *3 (E.D. Cal. Sept. 5, 2013, findings and recommendations adopted by district court on October 16, 2013) ("The Ninth Circuit . . . has stated in dicta that ineffective assistance of counsel claims arising from alleged errors by counsel at post-conviction sentencing cannot be litigated through a § 2255 motion where a valid waiver of appeal was entered.") (collecting cases).

Chavez is similar to the instant case, as it addressed the question of whether a defendant's claim that his attorney ineffectively failed to request a "downward sentence adjustment" to which defendant allegedly was entitled under the Sentencing Guidelines, had been waived by defendant's explicit agreement in his plea not to attack his sentence under § 2255. 2013 WL

1  4780510, **1-2. After reviewing the case law on this issue in this and other circuits, the Chavez
2  court concluded that "in light of the weight of persuasive authority, . . . ineffective assistance of
3  counsel claims survive a waiver of appeal only if the alleged ineffective assistance directly
4  affected the validity of the waiver or plea itself." Id. at *4 (citation omitted). Chavez thus found
5  that defendant had waived his claim of ineffective assistance in sentencing. (Id.)

6  This reasoning would seem to apply here as well. However, insofar as defendant's claim
7  is distinguishable from Chavez's, the undersigned has reviewed the record in order to address the
8  merits of his claim. Records submitted by plaintiff as to defendant's domestic violence
9  conviction show that it was charged as a felony in Count One of the June 12, 2008 complaint.
10 (Desai Decl., Ex. E, ECF No. 25-1at 57.) Minutes of the proceedings in the San Joaquin Superior
11 Court on June 19, 2008 show that defendant pled guilty to Count One. (Id. at 55-56.) A June 19,
12 2008 sentencing order from the superior court indicates that defendant was sentenced to five
13 years of probation with service of 365 days in jail. In the upper right-hand corner of the order, a
14 box marked "FELONY" is checked. (Id. at 53.) Finally, in its Pre-Plea, Presentence
15 Investigation Report, the U.S. Probation Office characterized defendant's June 18, 2008 offense
16 as a felony. (ECF No. 9.)

17 Based on the foregoing, the undersigned concludes that defendant's ineffective assistance
18 claim lacks merit and will recommend that his § 2255 motion be denied.

19 IT IS HEREBY RECOMMENDED that:

20 1. Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.
21 §2255 (ECF No. 19) be denied; and

22 2. The Clerk of the Court be directed to close the companion civil case No. 2:14-cv-
23 00119 TLN CKD.

24 These findings and recommendations are submitted to the United States District Judge
25 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
26 after being served with these findings and recommendations, any party may file written
27 objections with the court and serve a copy on all parties. Such a document should be captioned
28 "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 15, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / mira0289.2255